| | |
|---|---|
| ERIC GENESOTO,<br><br>        Plaintiff,<br><br>  v.<br><br>RYAN REMINGTON; THE MORTGAGE LAW FIRM,<br><br>        Defendants. | No. 2:19-cv-00282 KJM-AC |
| ERIC GENESOTO,<br><br>        Plaintiff,<br><br>  v.<br><br>RYAN REMINGTON; THE MORTGAGE LAW FIRM; ACADEMY MORTGAGE CORP,<br><br>        Defendants. | No. 2:19-cv-00368 KJM-AC<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding pro se in two factually identical actions: Case No. 2:19-cv-00282 ("Genesoto I") and Case No. 2:19-cv-00368 ("Genesoto II"). The matters were referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma

1

pauperis in each case ("IFP"), and has submitted the affidavits required by that statute. See 28 U.S.C. § 1915(a)(1). The motions to proceed IFP (Genesoto I at ECF No. 5 and Genesoto II at ECF No. 2) will therefore be granted.

## I. Screening

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

A. The Complaints

The document docketed as a complaint in Genesoto I is captioned as a "temporary restraining order – permanent-injunction-& demand to strike pleading filed in this case" and is brought against Ryan Remington and the Mortgage Law Firm. ECF No. 1 at 1. Plaintiff asks the court to "force the Banks attorneys, the realtors, and the Property Management Companies to cease and decease all foreclosure and eviction efforts" until the matter is resolved. Id. Plaintiff seeks declaratory and injunctive relief regarding alleged wrongful foreclosure practices. Id. Most of the complaint's allegations involve defects and fraud in the transfer of interest in the subject property and in the foreclosure process. Id., passim. Plaintiff asserts violations of the Truth in Lending Act, the Fair Debt Collection Practices Act, The Real Estate Settlement Procedures Act, and numerous sections of the UCC. Id. at 8-9. Plaintiff attaches several exhibits to his complaint, including a "Notice of Default" for property located at 627 F Street, Marysville, California, which references a Deed of Trust for the property at issue executed by James A. Bogart and Renee M. Bogart, Husband and Wife as Joint Tenants. ECF No. 1 at 20. Plaintiff also attaches a Deed of Trust listing James A. Bogart as the "Trustor/Borrower." ECF No. 1 at 21. The Deed of Trust contains the signatures of James A. Bogart and Renee M. Bogart. ECF No. 1 at 28. Plaintiff is not listed on any of the deeds or other documents related to ownership of the subject property.

In Genesoto II, plaintiff brings a complaint against the same defendants as well as "Academy Mortgage Corp.," alleging that the property at 627 F St. in Marysville, California was wrongfully foreclosed by the wrong beneficiary. ECF No. 1 at 1. In this complaint, plaintiff states that the "action concerns certain real property, of which, Eric Genesoto, is the trustee of James A. Bogart Jr. and Renee Bogarts (herein referred to as 'homeowners' and 'borrowers') property located at 672 F. St., Marysville, California 95901[.]" Id. at 8. This complaint also

alleges wrongful foreclosure, and identifies many of the same alleged defects in the transfer of interest in the subject property and in the foreclosure process. Id., passim. Genesoto II seeks $5.5 million in damages, as well as injunctive relief largely duplicative of that sought in Genesoto I. Id. at 1, 17-18.

B. Discussion

The complaints in both Genesoto I and Genesoto II must be dismissed with prejudice because it is clear from the pleadings that plaintiff lacks standing, is not the real party in interest, and cannot bring either case as a pro se litigant.

First, plaintiff lacks standing to challenge the foreclosure because he was not the property owner. The documents attached to the complaints plainly establish that plaintiff was not the owner of the Marysville property at issue, nor a borrower on the mortgage. Because he has no legal interest in the subject property or the related loan, plaintiff may not pursue claims alleging malfeasance in the securitization of the loan or the foreclosure on the property. Only the injured party has standing to bring suit of any kind. See, generally, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (injury sufficient to confer standing must be an invasion of a legally protected interest).

Second, the Federal Rules of Civil Procedure require that a complaint be brought and signed by the "real party in interest," meaning the person who actually holds the claims in question. Fed. R. Civ. P. 17(a)(1). Even if plaintiff were authorized by the homeowners to bring suit on their behalf, he cannot do so as a pro se litigant. Although a non-attorney may appear in pro se on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987). Accordingly, to the extent plaintiff holds himself out as "trustee" of the owners/borrowers, he may not seek to vindicate their interests in pro se. "[A] trustee or representative of various entities may not represent these entities in any capacity in this District Court" as a pro se litigant. United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994).

Because the complaints and their attachments clearly establish that plaintiff lacks standing and is not the "real party in interest" regarding foreclosure, and because he cannot pursue the

claims of others in pro se, leave to amend would be futile. C.E. Pope Equity Tr., 818 F.2d at 697; Noll, 809 F.2d at 1448. Accordingly, both complaints should be dismissed with prejudice.[1]

## II. Conclusion

For the reasons set fort above, the undersigned recommends that plaintiff's requests to proceed in forma pauperis (19-cv-00282 at ECF No. 5 and 19-cv-00368 at ECF No. 2) be GRANTED but that the complaints (19-cv-00282 at ECF No. 1 and 19-cv-00368 at ECF No. 1) be DISMISSED with prejudice because plaintiff does not have the ability to bring either case as a pro se litigant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 12, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] In addition to challenging foreclosure, the complaint in Genesoto I summarily references an "unlawful eviction action." Genesoto I, ECF No. 1 at 1. Even if plaintiff has been personally subject to eviction as the result of a foreclosure sale, the undersigned is aware of no federal cause of action that could support this court's jurisdiction. Tenancy and unlawful detainer matters are within the sole authority of the state courts. Accordingly, the theoretical possibility that plaintiff might be able to allege facts related to his own status as a tenant or resident of the subject property fails to provide any basis for leave to amend.

5